**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.  09 B 44730 |
| **BOSTON BLACKIES OF LINCOLN PARK, LLC,** | ) ) | Honorable Jack B. Schmetterer |
| | ) | Hearing Date: September 16, 2010 |
| Debtor and Debtor-In-Possession | ) | Time: 10:00 a.m. |

### NOTICE OF MOTION

TO:   See attached

PLEASE TAKE NOTICE THAT on September 16, 2010, at the hour of 10:00 a.m., the undersigned shall appear before the shall be heard by the Honorable Jack B. Schmetterer of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 682 at 219 South Dearborn Street, Chicago, Illinois, 60604, and there and then present **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR.**  A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

QUERREY & HARROW, LTD.

### AFFIDAVIT OF SERVICE

I, Beverly A. Berneman, an attorney, certify that the above captioned Notice of Motion and Final Application for Compensation of Counsel for the Debtor were served upon the parties who receive notice via CM/ECF filing and those who receive notice via Regular Mail with postage pre-paid from 175 W. Jackson Blvd., Chicago, IL 60604 on August 24, 2010.

/s/*Beverly A. Berneman*
Beverly A. Berneman

QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

## SERVICE LIST

Gretchen M. Silver
OFFICE OF THE US TRUSTEE
219 South Dearborn
Suite 873
Chicago, Illinois 60604
VIA CM/ECF ONLY

Brenda Porter Helms, ESQ
The Helms Law Firm, P.C.
3400 West Lawrence
Chicago, IL 60625
VIA CM/ECF ONLY

Broadway Bank
c/o Jean Soh
Polsinelli Shughart, P.C.
180 N. Stetson, Ste 4525
Chicago, IL 60601
VIA CM/ECF ONLY

Broadway Bank
c/o Jerry L Switzer
Polsinelli Shughart, PC
161 N. Clark Ste 4200
Chicago, IL 60601
VIA CM/ECF ONLY

RBS Citizens, N.A., d/b/a Charter One, successor
by merger with Charter One Bank, N.A.
c/o Christopher B Lega
55 W. Monroe Suite 1925
Chicago, IL 60603
VIA CM/ECF ONLY

RBS Citizens, NA d/b/a Charter One
c/o Thomas M. Lombardo
Riemer & Braunstein, LLP
71 S. Wacker Dr, Ste 3515
Chicago, IL 60606
VIA CM/ECF ONLY

David R Brown, ESQ
Michael J. Davis
Joshua D. Greene
Springer, Brown, Covey, Gaertner & Davis
400 South County Farm Road
Suite 330
Wheaton, IL 60187
VIA CM/ECF ONLY

RBS Citizens, NA d/b/a Charter One
c/o Jeffrey Ganz
Riemer & Braunstein
Three Center Plaza, Floor 6
Boston, MA 02108-2203
VIA CM/ECF ONLY

Federal Deposit Insurance Corporation as
Receiver for Broadway Bank
c/o John F Hiltz
Hiltz & Wantuch LLC
53 West Jackson Blvd., Suite 205
Chicago, IL 60604
VIA CM/ECF ONLY

Boston Blackies Management, Inc.
6424 Tower Court
Lincolnwood, IL 60712
Attn: Donna Giannis
Via Regular Mail

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 11** |
| | ) | **Case No.   09 B 44730** |
| **BOSTON BLACKIES OF LINCOLN PARK, LLC,** | ) | **Honorable Jack B. Schmetterer** |
| | ) | |
| | ) | **Hearing Date: September 16, 2010** |
| Debtor and Debtor-In-Possession | ) | **Time: 10:00 a.m.** |

**FINAL APPLICATION FOR COMPENSATION
OF COUNSEL FOR DEBTOR**

The law firm of QUERREY & HARROW, LTD. ("Q&H"), counsel for the Debtor, BOSTON BLACKIES OF LINCOLN PARK, LLC., applies to this Court for an order approving the payment of interim fees in the amount $5,952.00 plus costs and expenses in the amount of $26.00 and in support thereof states as follows:

**I. JURISDICTION**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

**II. GENERAL BACKGROUND**

2.      On November 25, 2009, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Debtor now operates its business as a Debtor in Possession pursuant to §1107(a) and §1109 of the Bankruptcy Code

-2-

3.  The Debtor is an Illinois limited liability company with its principal place of business in the Sheffield/DePaul area at 1962 N. Halsted St in Chicago, Illinois. Debtor is the owner of a certain hospitality business which operates as a restaurant, bar and grille.

4.  Debtor is affiliated with other restaurants that operate using the same name, namely, Boston Blackies Lake Cook Plaza, Inc., Boston Blackies of Riverside Plaza, Inc., Boston Blackies of Winnetka, Inc., 164 Grand Inc., Boston Blackies of Naperville, LLC, and Boston Blackies of Arlington Heights, LLC) (collectively referred to as "Jointly Administered Debtors"). On December 1, 2009, this Court entered an order allowing for the joint administration of the Jointly Administered Debtors.

5.  On March 16, 2010, this Court entered an order appointing a Chapter 11 Trustee. Brenda K. Helms is now acting as the Chapter 11 Trustee.

### III. CASE STATUS

The Debtor's operations have ceased. The Chapter 11 Trustee has brought a motion to convert the case to a liquidation case under Chapter 7 of Title 11 of the United States Code.

### IV. DESCRIPTION OF THE FEE PETITION

A.  <u>General Information.</u>  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. Q&H has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); *In re Temple Retirement Community, Inc*., 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B.  Billing Entries.  Q&H uses computerized time and billing software in the preparation of a fee petition. This final fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

C.  Hourly Charges.

Q&H charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court; $320.00 per hour for other partner attorney time, $225.00 per hour for associate time, $150.00 per hour for travel time and $85.00 per hour for paralegal time.

### V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in case under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

**A. COVER SHEET**
*[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation

**B. NARRATIVE SUMMARY**
*SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY*
*[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---|---|
| ADM | Administration | 6.30 | 2,080.00 |
| CLM | Claims | 0.40 | 128.00 |
| EXC | Executory Contracts | 5.00 | 1,632.00 |
| FEE | Fee Petition | 6.10 | 1,952.00 |
| FIN | Financing | 0.50 | 160.00 |
| **TOTAL** | | **18.30** | **$5,952.00** |

**C. NARRATIVE SUMMARY**
*SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL*
*[Local Rules 5082-1(B)(1)(b) and (d)]*

From March 1, 2010 to March 18, 2010, the Debtors have incurred $4,000.00 in fees at Q&H's customary hourly fee rates and $26.00 in costs and expenses, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified Exhibit A.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

A. *ADMINISTRATION.*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtors, such as communications with the Debtors and the restructuring agent regarding the Debtors' operations, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating the United States Trustee's office regarding issues related to the case, monitoring the Debtors' operations and, ultimately, moving for the appointment of a Chapter 11 Trustee when the principals of the Debtor were charged in a criminal action. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtors being able to streamline their operations. The remainder of the services was of non-economic benefit to the Debtors by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R.R. Benjamin | Partner | 3.80 | 320.00 | 1,216.00 |
| R.R. Benjamin | Partner | 0.40 | 480.00 | 192.00 |
| B.A. Berneman | Partner | 1.50 | 320.00 | 480.00 |
| E.E. Sethna | Partner | 0.60 | 320.00 | 986.00 |
| | | 6.30 | | $ 2,080.00 |

B. *CLAIMS*

Q&H began the process of reviewing claims of creditors as they are filed. The services benefited the estate on an economic basis addressing claims issues and their impact upon the estates. The services benefited the estates on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| E.E. Sethna | Partner | 0.40 | 320.00 | $128.00 |

C.　EXECUTORY CONTRACTS

Q&H rendered services in protecting the Debtors' leases for non-residential real property, leased equipment and intellectual property rights. The services benefited the estates on an economic basis either preserving valuable contracts. The services benefited the estates on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R. R. Benjamin | Partner | 1.30 | 320.00 | 416.00 |
| R.R. Benjamin | Partner | 0.20 | 480.00 | 96.00 |
| B.A. Berneman | Partner | 1.30 | 320.00 | 416.00 |
| E.E. Sethna | Partner | 2.20 | 320.00 | 704.00 |
|  |  | 5.00 |  | $ 1,632.00 |

D.　FINANCING

Q&H monitored debtor in possession financing. The fees incurred resulted in an economic benefit to Debtors' estate by preserving the estates and providing the estates with an infusion of funds for their operations. The non-economic benefits resulted from aiding the administration of the estates.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| R.R. Benjamin | Partner | 0.50 | 320.00 | 160.00 |

### D. NARRATIVE SUMMARY
### STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION FOR PREPARATION OF CURRENT OR PRIOR APPLICATION FOR COMPENSATION
### *[Local Rules 5082-1(B)(1)(c)]*

1. Q&H requests reimbursement for the preparation of the First Interim Fee Petition and for this Final Fee Petition for services performed as counsel for the Debtor. Q&H has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

2. An itemized breakdown of the time expended in preparing the First Interim Fee Petition which sought approval of $25,785.00 as compensation and $1,229.26 in costs and expenses is attached hereto as Exhibit B. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| B.A. Berneman | Partner | 3.50 | 320.00 | $1,120.00 |

3. An itemized breakdown of the time expended in preparing this Final Petition which seeks approval of $4,000.00 in fees and $26.00 in costs is attached hereto as Exhibit C. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| B.A. Berneman | Partner | 2.60 | 320.00 | $ 832.00 |

### E. NARRATIVE SUMMARY
### HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation requested appears in the Detailed Statement of Services which are attached as Exhibits A, B and C. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 5.60 | 320.00 | 1,792.00 |
| Robert R. Benjamin (RRB) | Partner | 0.60 | 480.00 | 288.00 |
| Beverly A. Berneman (BAB) | Partner | 8.90 | 320.00 | 2,848.00 |
| Eileen E. Sethna (EEM) | Partner | 3.20 | 320.00 | 1,024.00 |
| **TOTAL** | | **18.30** | | **$5,952.00** |

### F. NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED
*[Local Rules 5082-1(B)(1)(f)]*

1. This is applicant's second fee petition.

2. March 25, 2010, Q&H brought a first interim fee application for the period from November 24, 2009 to February 28, 2010. This first interim fee petition sought fees in the amount of $25,785.00 and the reimbursement of costs and expenses in the amount of $1,229.26. On May 17, 2010, this Court entered an order approving the compensation and reimbursement of expenses.

### G. NARRATIVE SUMMARY
### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT
*[Local Rules 5082-1(B)(1)(g)]*

1. This information was contained in the original application as a subsection in the section titled "Project Summary". The following is a reiteration of the information:

2. Q&H seeks reimbursement of $26.00 for costs and expenses it incurred during its representation of the Debtor to date. Expenses were incurred for the following items: Overnight

-9-

mail charges, copier charges, postage charges, messenger charges, travel expenses and facsimile charges. All copy charges are billed at $0.10 per copy. Debtor agreed to pay for these items pursuant to a written agreement with Debtor's counsel. These expenses were necessary to accomplish the proper representation of the Debtor.

3. The detail for each item for which counsel seeks reimbursement was contained in the Detailed Statement of Services which was attached as Exhibit A to the original first interim fee petition.

### H. NARRATIVE SUMMARY STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
*[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid in parity with other administrative claims.

### VI. CERTIFICATION

Q&H certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtors and the Chapter 11 Trustee. To date, Q&H has not received an objection to the fees.

### VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the

case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2) reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by Q&H. The various issues involved required experienced bankruptcy counsel. Q&H attorneys have over sixty (60) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, Q&H was precluded from accepting cases requiring extensive representation during the initial phase of these cases. Q&H was able to accomplish a great deal directed towards aiding the Debtor in its streamlining efforts and the preparation and proposal of a plan supported by a detailed disclosure statement. Considering the results obtained by Q&H the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

## X. Conclusion

WHEREFORE, QUERREY & HARROW, LTD. requests that this court enter an Order:

A.  Determining that the legal services and fees incurred were necessary and reasonable as to both the First Interim Fee Petition and this Final Fee Petition as Counsel for the Debtor;

B.  Allowing final compensation as counsel for the Debtor in the amount of $5,952.00

C.  Allowing reimbursement of expenses in the amount of $26.00;

D.  That is without prejudice to Q&H's ability to bring applications for compensation as special counsel to the Chapter 11 Trustee; and

E.  Granting such other and further relief as this court may deem just and proper.

QUERREY & HARROW, LD.
By:  /s/*Beverly A. Berneman*
     Beverly A. Berneman

Robert R. Benjamin (ARDC # 10070429)
Beverly A. Berneman (ARDC # 06189418)
QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60606
(312) 540-7000